# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JENNIFER J. DAMARCO,

        Plaintiff,

v.

MSC INDUSTRIAL SUPPLY,

        Defendant.

Case No. 3:18-cv-00515-MMD-WGC

ORDER

## I. SUMMARY

This is an employment discrimination case. Before the Court is Defendant MSC Industrial Supply's ("MSC" or "Defendant") motion to dismiss ("Motion"). (ECF No. 5.) Plaintiff Jennifer J. Damarco, proceeding *pro se*, had until January 3, 2019, to file a response (ECF No. 10), but no response has been filed to date. For the following reasons, the Court grants Defendant's Motion.

## II. BACKGROUND

The following allegations come from the Complaint (ECF No. 1) unless otherwise indicated.

Plaintiff began working at MSC as a Customer Care Rep on April 13, 2011. (ECF No. 1 at 6.) Plaintiff requested leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, on July 26, 2015, when her son sustained serious injuries in a car accident. (*Id.*) Plaintiff was denied FMLA leave but permitted to take a three-week leave of absence. (*Id.*) When Plaintiff returned to MSC in September 2015, three weeks of daily paperwork had accumulated even though workplace policy dictated that Plaintiff's

teammates cover her daily paperwork. (*Id.* at 6-7.) Plaintiff struggled to catch up on her daily paperwork and was "coached" for productivity and workflow. (*Id.* at 7.)

Plaintiff missed work again on October 4, 2015, to be with her son while he underwent emergency surgery. (*Id.*) Plaintiff received a written warning for her absence on October 16, 2015. (*Id.*)

Plaintiff objected to the written warning in November 2015 when she spoke with her branch manager. (*Id.* at 7-8.) The written warning was rescinded, and Plaintiff received completed FMLA paperwork. (*Id.* at 8.)

Plaintiff then began to receive warnings for taking too few calls. Plaintiff received a verbal warning (first corrective step) in January 2016 for taking too few calls. (*Id.*) Plaintiff alleges that she received too few calls because of technical problems with her phone. (*Id.*) Plaintiff received a written warning (second corrective step) in February 2016 because she continued to receive and take too few calls. (*Id.*) Plaintiff received a final warning (corrective action notice) on March 15, 2016. (*Id.*) Plaintiff attended a six-month review on May 6, 2016, and the corrective steps were discussed. (*Id.*)

Plaintiff was terminated on July 11, 2016, ostensibly for failing to take 53 or more calls per day. (*Id.* at 9.)

Plaintiff filed a charge of discrimination against Defendant on May 31, 2017. (ECF No. 5-1 at 2.) Plaintiff's charge of discrimination was dismissed on August 1, 2018, because the Equal Employment Opportunity Commission ("EEOC") was "unable to conclude that the information obtained establishes violations of the statute." (ECF No. 1 at 11.)

Plaintiff filed the Complaint a couple months later, on October 25, 2018. (*Id.* at 1.) The Complaint contains three claims: (1) violation of the FMLA; (2) age discrimination; and (3) defamation. (*Id.* at 3.)

**III. LEGAL STANDARD**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not shown—that the pleader is entitled to relief. *Id.* at 679. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also*

*Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Though *pro se* pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

## IV. DISCUSSION

### A. Local Rule 7-2(d)

Defendant's Motion is properly granted under LR 7-2(d) because Plaintiff has failed to oppose it. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). Nevertheless, the Court also determines that Defendant's Motion should be granted on its merits, as discussed *infra*.

### B. Age Discrimination

Defendant argues that Plaintiff's age discrimination claim must be dismissed for failure to exhaust administrative remedies. (ECF No. 5 at 4.) Defendant notes that Plaintiff's charge of discrimination does not allege age discrimination: the "age" box is not checked, and the charge does not contain allegations regarding Plaintiff's age or discrimination on the basis of her age. (*Id.*; *see also* ECF No. 5-1 at 2.[1]) The Court agrees with Defendant. Accordingly, the Court will dismiss Plaintiff's claim for age discrimination without prejudice.

### C. FMLA Claim

Defendant next argues that Plaintiff's FMLA claim is time-barred. (ECF No. 5 at 5.) The Court agrees with Defendant. An action under the FMLA must be brought within two years of the date of the last alleged violation, or three years if the violation was willful. 29

---

[1]Documents that are not attached to a complaint "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Plaintiff's Complaint references the charge of discrimination (*see* ECF No. 1 at 11 (EEOC notice of dismissal)), and the charge of discrimination forms the basis of Plaintiff's claim given that it is a jurisdictional prerequisite.

4

U.S.C. § 2617(c)(1)-(2). The last alleged FMLA violation occurred on October 4, 2015, when Plaintiff took a day off to be with her son during emergency surgery. (ECF No. 1 at 7.) Plaintiff did not file the Complaint until October 25, 2018, more than three years later. (*Id.* at 1.) Accordingly, the Court will dismiss Plaintiff's FMLA claim. The dismissal will be with prejudice because amendment would be futile.

### D. Defamation Claim

Defendant next argues that Plaintiff's defamation claim is also time-barred. (ECF No. 5 at 5.) The Court agrees. Defamation claims in Nevada must be brought within two years. NRS § 11.190(4)(c). The Complaint does not contain allegations of events occurring after Plaintiff's termination on July 11, 2016, and the Complaint was filed more than two years later on October 25, 2018. (*See generally* ECF No. 1.) Accordingly, the Court will dismiss Plaintiff's defamation claim as time-barred. This dismissal will be with prejudice because amendment would be futile.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motion.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 5) is granted. Plaintiff's claim for age discrimination is dismissed without prejudice. Plaintiff's claims for violation of the FMLA and defamation are dismissed with prejudice. The Clerk of the Court is instructed to enter judgment and close this case.

DATED THIS 9th day of January 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE